SO ORDERED: December 5, 2012.



**James K. Coachys
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PETER T. VOLIS, | ) | Case No. 07-03014-JKC-13 |
| | ) | |
| Debtor. | ) | |

**ORDER DENYING AMENDED MOTION FOR
TURN OVER OF UNCLAIMED FUNDS**

This matter comes before the Court on Debtor's Amended Motion for Turn Over of Unclaimed Funds. For the reasons stated below, the Court denies the Amended Motion.

The record in this case reflects that the Chapter 13 Trustee filed a Notice of Unclaimed Dividends on October 29, 2012, indicating that the sum of $3,825.43 remained unclaimed by creditor Oswaldo Avila. Such sum was then paid into the Clerk that same day.

Section 347(a) of the United States Bankruptcy Code states that "[n]inety days after the final distribution under section 726, 1226, or 1326 of this title in a case under chapter 7, 12, or 13 of this title, as the case may be, the trustee shall stop payment on any check remaining unpaid, and any remaining property shall be paid into the court and disposed of under chapter 129 of title 28 [28 USC §§ 2041 et seq.]" Chapter 129 of title 28, in turn, provides that the Clerk shall hold unclaimed funds for five years unless claimed by their "rightful owner." If the funds remain unclaimed by the conclusion of the five year period, they escheat to the United States Treasury. *See* 28 U.S.C. § 2041 and 2042.

The "rightful owner" of the unclaimed funds at issue is Oswaldo Avila, not Debtor. *See In*

*re Applications for Unclaimed Funds*, 341 B.R. 65, 69 (Bankr.N.D.Ga.2005). Accordingly, Debtor's Amended Motion denied.

###